UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| Irene S. Berns | § | |
|---|---|---|
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:19-cv-515 |
| | § | |
| | § | |
| | § | |
| Premiere Credit of North America, LLC | § | |
| | § | |

Complaint

_____

# Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. Congress found that these practices contributed to the number of personal bankruptcies, marital instability, job loss, and invasions of personal privacy.

2. The FDCPA generally prohibits false, deceptive, and misleading representations in connection with attempts to collect debts. The FDCPA specifically prohibits certain acts such as: the false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(a); and the use of any false representation or deceptive means to collect a debt.

3. Student loan debt is a form of consumer debt. Federal student loan collectors can garnish a consumer's wages to satisfy a debt. When garnishing a consumer's wages for an unpaid student loan, a debt collector must give 30 days' notice before initiation of garnishment procedures. See 31 U.S.C. § 3720D(b)(2) and 34 C.F.R. § 34.

4. Plaintiff brings this action for Defendant's violations of the FDCPA and seeks actual damages, statutory damages, and attorney's fees and cost.

## Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Irene S. Berns, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, Premiere Credit of North America, LLC, is an Indiana limited liability company whose principal business address is 2002 Wellesley

Blvd, Indianapolis, IN, 46219. Premiere may be served via its registered agent CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## Facts

10. Premiere regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.
11. The principal purpose of Premiere is the collection of such debts.
12. The Debt is a defaulted student loan debt that Berns used to finance her education (the "Debt").
13. Berns took out student loans while in college in 1984, 1985, 1986, and 1987.
14. She made payments on the Debt for years.
15. She successfully completed a Chapter 13 bankruptcy which included her Debt in 2009.
16. While the Debt was not discharged as party of the bankruptcy, it paid over $5,000 of the outstanding principal.
17. Premiere took over servicing the Debt after it was in default.
18. Premiere garnished Berns' wages.
19. Premiere failed to give notice to Berns of the impending wage garnishment.

20. She did not have an opportunity to request a hearing or take other steps to contest or make other arrangements for the Debt.
21. Premiere's failure to provide notice of the garnishment harmed Berns.

## First Cause of Action – Fair Debt Collection Practices Act

22. Premiere is a debt collector as defined by 15 U.S.C. § 1692a(6).
23. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).
24. Berns is a consumer as defined by 15 U.S.C. § 1692a(3).
25. The garnishment is a communication as defined by 15 U.S.C. § 1692a(2).
26. By garnishing Berns' wages without first giving her notice of the garnishment, Premiere violated the FDCPA in that:
    a. It misrepresented the character of the Debt as one where the preconditions to wage garnishment had been satisfied, when they had not, in violation of 15 U.S.C. § 1692e(2)(a);
    b. It made a false representation in seeking wage garnishment, namely that it had performed all preconditions to wage garnishment in violation of 15 U.S.C. § 1692e(10).
27. The conduct of Defendant invaded the rights of Plaintiff which are protected by the FDCPA, the invasion of which caused an injury-in-fact.

## Second Cause of Action – Texas Finance Code Chapter 392

28. Berns is a consumer as defined by Tex. Fin. Code § 392.001(1).
29. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

30. Premiere is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

31. The garnishment is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

32. By garnishing Berns' wages without providing her the required statutory notice, Premiere misrepresented the character of the Debt in violation of Tex. Fin. Code § 392.304(a)(8).

## Jury Demand

33. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Respectfully Submitted,

/s/William M. Clanton

William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

Verification of Complaint

Pursuant to 28 U.S.C. § 1746, Plaintiff Irene S. Berns verifies, certifies and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

*Irene S. Berns*
Irene S. Berns